UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KENNETH MATTHEW HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 13-44-GFVT |
| | ) | |
| JIANGSU ASG EARTH ENVIRONMENTAL PROTECTION SCIENCE AND TECHNOLOGY CO., LTD.; JAS FORWARDING (USA), INC.; and CHINA CONTAINER LINE LTD. | ) ) ) ) ) ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Kenneth Harris sustained injuries to his right hand while operating a recycling system at Nextlife Recycling, LLC in Frankfort, Kentucky. As a result of the injury, Harris ultimately had his hand amputated. Harris now sues, alleging the defendants are responsible for manufacturing and placing into commerce a component of that system, a centrifuge, that caused his injury. China Container now moves the Court for an entry of summary judgment but the motion will be denied without prejudice as it is premature.[1]

**I**

Three defendants are parties to this product liability litigation: Jiangsu ASG Earth Environmental Protection Science and Technology Company ("Jiangsu"); China

---

[1] China Container asserts that its Memorandum supports its "Motion to Dismiss and/or Motion for Summary Judgment." [R. 14 at 1.] Because China Container's motion depends on the affidavit of Stephanie Fang [R. 14-1] it will properly be construed as a Rule 56 Motion for Summary Judgment. *See* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to…the court, the motion must be treated as one for summary judgment under Rule 56.")

Container Line ("China Container"); and, JAS Forwarding ("JAS"). [R. 1-3.] Harris contends that Jiangsu, a Chinese corporation, manufactured the centrifuge and that JAS and China Container imported and transported the centrifuge. [*Id.* at 3.] China Container, who refers to itself as a non-vessel operating common carrier ("NVOCC"), disagrees with this assessment and claims that its only role was in arranging transportation of the centrifuge from China to Memphis, Tennessee. They contend that the Mediterranean Shipping Company ("MSC") actually shipped the product from China to Long Beach, California and then on to Memphis, Tennessee. [R. 14-1 at 2-3.] After the centrifuge arrived in Memphis, it was then transported to its final destination at the Nextlife Recycling plant in Frankfort, Kentucky.

On July 2, 2012, Harris was injured while operating the Nextlife recycling system that contained the allegedly faulty centrifuge. [R. 1-3 at 3.] Because of this injury, his right hand had to be amputated. [*Id*.] In April 2013, Harris filed suit against "Unknown Defendants" in Franklin Circuit Court. Over the course of the next three months, Harris amended his Complaint two different times to ultimately name Jiangsu, JAS and China Container as defendants. [R. 1-2; R. 1-3.] JAS removed the case to this Court on July 23. [R. 1.] China Container has now filed the motion for summary judgment that is fully briefed and currently pending before the Court. [R. 14.]

Meanwhile, Harris has been unable to effectuate service as to Jiangsu. [R. 19 at 3.] The Court need not detail his efforts to perfect service here. Suffice it to say that, as a result of the delay in serving Jiangsu, the case is in an awkward procedural posture. Despite the fact that the case has been on this Court's docket for over a year, the parties have not yet conducted their Rule 26(f) planning meeting, no scheduling order has been

issued and no party has filed initial disclosures nor begun discovery.

## II.

The first question before the Court is not, as in most summary judgment opinions, whether there is a genuine issue of material fact but whether it is too early for the Court to consider that question. Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Normally, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed.R.Civ.P. 56(b). If, however, "a nonmovant shows by affidavit…for specific reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it…" Fed.R.Civ.P. 56(d).

In China Container's motion for summary judgment, it argues that (1) the Court does not have personal jurisdiction over it, (2) the Kentucky product liability act does not apply and (3) that it did not make implied warranties. [R. 14.] The motion is supported by the affidavit of Stephanie Fang, the Chief Financial Officer and General Manager of China Container. [R. 14-1.] That affidavit, amongst other things, denies that China Container conducts any business in Kentucky, defines China Container's role as that of a NVOCC, and explicitly denies that China Container is a "wholesaler, distributor, retailer, or seller in any manner of any product." [*Id.*] The central theme in China Containers' motion is that they do not operate in Kentucky and that, as a NVOCC, they cannot be liable.

In his response, Harris argues that because no party has filed initial disclosures

nor exchanged any written discovery, the motion is premature. [R. 19.] He asks for additional time so that Jiangsu may be served and file an answer and so that he may conduct discovery. [*Id.*] Counsel for Harris attaches a Rule 56(d) affidavit to this effect. [R. 19-1.] While Harris also responds substantively to China Containers' motion, the Court need not address this portion of his response at this time because the Court agrees with Harris that summary judgment is premature. [R. 19.] This conclusion is supported by controlling precedent.

In *White's Landing Fisheries, Inc. v. Buchholzer*, the Sixth Circuit concluded that a pre-discovery motion for summary judgment is premature, holding that "the grant of summary judgment, absent *any* opportunity for discovery" offends concepts of fundamental fairness. 29 F.3d. 229, 231 (1994). In coming to this conclusion, the Court looked to the Supreme Court's discussion of summary judgment in *Anderson v. Liberty Lobby,* 477 U.S. 242 (1986) and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). The Sixth Circuit noted that after the summary judgment burden shifts, it is the responsibility of the non-movant to "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *White's Landing*, 29 F.3d at 231 (citing *Celotex,* 477 U.S. at 257). In both *Anderson* and *Celotex,* the Supreme Court explained that the non-movant's responsibility to produce affirmative evidence is contingent on the non-movant having had the opportunity to conduct discovery. *See Liberty Lobby, Inc.*, 477 U.S. at 257 ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, *as long as the plaintiff has had a full opportunity to conduct discovery*."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery…*") (emphasis added in both).

The Court's holding in *White's Landing* is consistent with other decisions of the Circuit. *See Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995) ("Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case."); *Glen Eden Hosp., Inc. v. Blue Cross and Blue Shield of Mich., Inc.,* 740 F.2d 423, 428 (6th Cir. 1984) (summary judgment was premature since opposing party had filed a proper Rule 56(f) affidavit); *Vance By & Through Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996) (Reversing district court's decision not to vacate summary judgment order after the non-movant informed the district court of their need for additional discovery.); *McKinley v. City of Mansfield*, 404 F.3d 418, 443 (6th Cir. 2005) (Finding that summary judgment was granted prematurely, the Court held that "the district court abused its discretion because at the time of its highly restrictive discovery order, no discovery had occurred and the court offered no explanation for limiting discovery."); *LGT Enterprises, LLC v. Hoffman*, 2008 WL 5744180 (W.D. Mich. Dec. 17, 2008) (Court denies without prejudice summary judgment motion, granting leave to re-file following jurisdictional discovery.); *Fifth Third Bank v. Jefferson Pilot Sec. Corp.*, 2007 WL 773734 (W.D. Ky. Mar. 8, 2007) (After reviewing the record, the Court held summary judgment was premature as the parties had not conducted any discovery.); *Brock v. Marymount Med. Ctr., Inc.*, 2007 WL 196895 (E.D. Ky. Jan. 23, 2007).

**III**

The issues surrounding the service of Jiangsu have placed this case in an awkward procedural posture. Nevertheless, the law is clear that Harris must be provided the opportunity to conduct adequate discovery before the Court may consider the substantive arguments advanced by China Container. Following that discovery, China Container will be permitted to refile its motion.

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED**:

1. China Container's Motion for Summary Judgment [R. 14] is **DENIED without PREJUDICE** with leave to refile;

2. China Containers' Motion to Strike Docket Entry 21 [R. 22] is **GRANTED**; and,

3. The Plaintiff **SHALL**, within seven (7) days of the filing of this Order, provide the Court with an updated status report as to the service of Jiangsu.

This 18th day of September, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge